IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DIANE SANDUSKY** )<br>2707 Barberry Lane )<br>Bowie, MD 20715 )<br> )<br>    Plaintiff )<br> )<br>    v. )<br> )<br>**FLOWERS BY JENI, INC.** )<br>5648 3rd Sreet, N.E. )<br>Washington, DC 20041 )<br> )<br>    SERVE RESIDENT AGENT: )<br>    Business Filings Incorporated )<br>    1015 15th Street, NW Suite 1000 )<br>    Washington, DC 20005 )<br> )<br>**BOAZ EREZ** )<br>5648 3rd Street, N.E. )<br>Washington, DC 20041 )<br> )<br>    Defendants. ) | Civil Action No. |

# COMPLAINT
## (JURY DEMAND)

Plaintiff, Diane Sandusky ("Ms. Sandusky"), by and through her counsel, The Rubin Employment Law Firm, P.C., and James E. Rubin, herein sues defendants, FLOWERS BY JENI, INC. ("FBJ") and BOAZ EREZ ("Mr. Erez"). For causes of action, Ms. Sandusky states as follows:

### INTRODUCTION

1. This is an action for the recovery of unpaid overtime and wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., the District of Columbia

1

Wage and Hour Law, D.C.Code § 32-1001 et. seq., ("D.C. Wage and Hour Law"), the D.C. Payment of Wages Act, D.C.Code § 32-1301 ("D.C. Wage Payment Act"). This is also an action for a declaratory judgment to declare that FBJ's purported "Employee Secrecy and Non-Compete Agreement" is unenforceable.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction exists in this Court under 28 U.S.C. § 1331 (federal question).

3. Venue is appropriate in this Court under 29 U.S.C. § 1391.

## PARTIES

4. At all times material herein, FBJ has employed and is employing employees in or about its place of business in the activities of its enterprise engaged in interstate commerce. Said enterprise is a wholesale flower operation which at all times material has had an annual gross volume of sales made or business done in an amount exceeding $1,000,000. Therefore, the employees of such enterprise are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act.

5. Further, FBJ is and has been at all times material herein an "employer" within the meaning of the FLSA, 29 U.S.C § 203(d), the D.C. Wage and Hour Law D.C., D.C. Code Sec. § 32-1002, and the D.C. Payment of Wages Act, D.C.Code § 32-1301(1)

6. Mr. Erez is the owner of FBJ. He is and has been actively engaged in the management and direction of employees, including Ms. Sandusky, at FBJ, including the operation of the business and employee pay matters, has possessed and exercised

authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at FBJ, Mr. Erez is and has been at all times material herein an "employer" within the meaning of the FLSA, 29 U.S. C. Sec. 203(d); D.C. Wage and Hour Law D.C., D.C. Code Sec. § 32-1002, and the D.C. Payment of Wages Act, D.C.Code § 32-1301(1)

## FACTS

7. Mr. Sandusky worked for FBJ for seven years as a wholesale flower salesperson. Ms. Sandusky is an excellent and hard working employee. Over the years, Ms. Sandusky developed an excellent reputation among her colleagues and customers. She is known for being a fair, straightforward, honest and ethical salesperson. Ms. Sandusky regularly worked more than 40 hours per week, and often worked more than 80 hours during busy weeks.

8. In or about September 2005, Mr. Erez purchased FBJ for $750,000. He is FBJ's sole owner.

9. Since Mr. Erez purchased FBJ, its business has decreased and its business practices have taken a downturn.

10. For example, FBJ is often unable to obtain flowers to meet its customers' orders. To add insult, FBJ fails to give proper credit to its customers or post customer payments to their accounts. When a customer discovers FBJ's errors, Ms. Sandusky and FBJ's other salespeople lose credibility making it difficult to sell flowers.

11. FBJ also has encouraged its own salespeople to compete for the same customers. For example, when Ms. Sandusky quoted a certain price to a customer, FBJ would

allow another salesperson to underbid Ms. Sandusky for exactly the same sale. Again, this has had the effect of eroding FBJ's credibility in the marketplace.

12. Despite FBJ's many poor business practices, Ms. Sandusky did her best to maintain her relationships with her customers and maintain her sales.

13. FBJ, however, continued to mistreat its employees. It bounced payroll checks on several occasions. It failed to pay overtime to its non-exempt employees.

14. As a result of what appeared to be gross mismanagement by FBJ, beginning in September 2005, Ms. Sandusky attempted to negotiate an employment agreement with Mr. Erez. Ms. Sandusky wanted to insure that FBJ paid her $800 per week salary and that the terms of her employment were documented in a formal agreement. At the same time she told Mr. Erez that she intended to leave the company unless it changed its practices.

15. In November 2005, recognizing Ms. Sandusky's value to the company Mr. Erez offered Ms. Sandusky a raise to $1000 every week, but asked Ms. Sandusky to sign a non-competition agreement.

16. Ms. Sandusky told Mr. Erez that she would not sign such an agreement since it would restrict her ability to earn a living in the future.

17. The parties were unable to reach a written agreement.

18. In the months that followed, defendants regularly docked Ms. Sandusky's pay for a variety of reasons, including to penalize her for taking sick leave.

19. Ms. Sandusky repeatedly complained to Mr. Erez about FBJ's failure to pay her a full salary.

20. The defendants' conduct led Ms. Sandusky to seek medical assistance for stress-related symptoms. When per her physician's orders she request sick leave, FBJ refused to approve it and demanded that Ms. Sandusky continue working against her physician's advice. Similarly, when Ms. Sandusky requested vacation leave after the busy Valentine's Day season, FBJ rejected her request. On another occasion, when Ms. Sandusky was recovering from surgery, FBJ docked her pay for taking sick leave.

21. On or about June 15, 2006, FBJ gave it sales employee a surprise ultimatum: either sign an "Employee Secrecy and Non-Compete Agreement" (attached) or be terminated on the spot.

22. The terms of the non-competition are overbroad in attempting to restrict the sales staff from working in the wholesale flower industry anywhere in the world for five years.

23. When Ms. Sandusky confronted Mr. Erez about the agreement's terms, he told her that: (1) his co-worker Moti Kochlon had intended to quit and Ms. Sandusky had to help Mr. Erez save the company; (2) he wanted Ms. Sandusky to sign the agreement in the hope that FBJ's other employees, including Mr. Kochlon, would follow her lead; and (3) he did not intend to sign the agreement or hold her to the agreement's obligations. Mr. Erez told Ms. Sandusky that he intended to destroy his copy of the agreement and pretend that it never existed. As stated, Ms. Sandusky had specifically rejected FBJ and Mr. Erez's efforts to have her commit to a non-competition agreement, at least without significant additional consideration.

24. Based on Mr. Erez's representations, Ms. Sandusky signed the agreement that day. True to his promise, Mr. Erez did not sign the agreement.

5

25. From June 2006 to September 2006, the working conditions at FBJ continued to deteriorate. FBJ bounced several more paychecks and continued to dock Ms. Sandusky's pay.

26. In September 2006, Ms. Sandusky retained undersigned counsel again to attempt again to negotiate an employment agreement with Mr. Erez and FBJ. She again hoped to solidify her status with the company and to formalize the terms of her employment.

27. During the course of those negotiations, on October 20. 2006, Mr. Erez repeated that he believed the "Employee Secrecy and Non-Compete Agreement" was void and unenforceable. In an effort to entice Ms. Sandusky into staying with FBJ, Mr. Erez offered to give Ms. Sandusky an annual commission equivalent to 6% of the gross revenue she generated minus the salary FBJ paid to her. The parties agreed to reduce to the matter to writing.

28. On November 8, 2006, when confronted with the written terms of what the parties had negotiated. Mr. Erez suddenly balked. He now claimed that the "Employee Secrecy and Non-Compete Agreement" was a valid enforceable contract.

29. Mr. Erez's latest flip-flop was sadly consistent with FBJ's past actions. Mr. Erez changed the workplace rules whenever it suited him.

30. After Mr. Erez refused to sign the agreement the parties had negotiated, Ms. Sandusky told Mr. Erez that she would not return to FBJ.

31. By continuously docking Ms. Sandusky's salary, FBJ failed to pay her on a salary basis and destroyed any arguments that Ms. Sandusky was an exempt from receiving overtime under the FLSA.

32. By failing and refusing to pay Ms. Sandusky her earned overtime and wages, defendants breached their contract with Ms. Sandusky, violated the Fair Labor Standards Act, D.C. Wage and Hour Law, and the D.C. Payment of Wages Act.

33. There exists an actual controversy as to whether the "Employee Secrecy and Non-Compete Agreement" is an enforceable contract. Ms. Sandusky contends that the purported agreement: (a) is an overbroad and otherwise unreasonable restraint of trade; (b) fails for lack of consideration; (c) was procured duress, undue influence or fraud; (d) is founded upon a mistake of a material fact; and (e) was subject to a novation, rescission or termination. Furthermore, assuming a valid contract exists, which it does not, defendants' material breach of that contract relieves Ms. Sandusky from further performance.

## COUNT I
## (BREACH OF CONTRACT)

34. Ms. Sandusky adopts and incorporates by reference all averments in the foregoing paragraphs.

35. In exchange for her service, defendants promised to pay Mr. Sandusky a weekly salary of $800.

36. Defendants materially breached their agreement with Ms. Sandusky having failed and refused and continuing to fail and refuse to tender to her the full amount of her salary.

37. Ms. Sandusky has lost wages as a result of defendants' breach of contract.

**WHEREFORE**, Ms. Sandusky demands judgment against defendants in an amount equivalent to her unpaid wages, plus interests and costs.

## COUNT II
### (VIOLATION OF THE D.C. PAYMENT OF WAGES ACT)

38. Ms. Sandusky adopts and incorporates by reference all averments in the foregoing paragraphs.

39. In exchange for her service, defendants promised to pay Mr. Sandusky a weekly salary of $800.

40. Defendants violated the D.C. Payment of Wages Act by failing and refusing to tender to Ms. Sandusky the full amount of her salary.

41. Ms. Sandusky has lost wages as a result of defendants' violation of the D.C. Payment of Wages Act.

**WHEREFORE**, Ms. Sandusky request judgment against Defendants for:

(1) Wage in the amount of the underpayments described above, or in the amount determined from Defendants' records or at trial;

(2) Additional amounts of liquidated damages equal to the back pay amounts described above or determined from Defendants' records or at trial, as authorized by D.C. Code Section 32-1308;

(3) Plaintiffs' reasonable attorney fees and costs or this action, as authorized by D.C. Code Section 32-1308; and

(4) Such other further relief as the Court may deem appropriate.

## COUNT III
### (VIOLATION OF THE FAIR LABOR STANDARDS ACT)

42. Ms. Sandusky adopts and incorporates by reference all averments in the foregoing paragraphs.

43. By failing to pay Ms. Sandusky overtime compensation (1.5. times his regular rate of pay) for the overtime work described above. Defendants violated Section 7 of the Fair Labor Standards Act. 29 U.S.C. Sections 207.

44. Defendants' violation of the Fair Labor Standards Act was willful.

**WHEREFORE**, Ms. Sandusky request judgment against Defendants for:

(1) Overtime pay in the amount of the underpayments described above, or in the amount determined from Defendants' records or at trial;

(2) Additional amounts of liquidated damages equal to the backpay amounts described above or determined from Defendants' records or at trial. as authorized by 29 U.S.C. Sec. 216:

(3) Plaintiffs' reasonable attorney fees and costs or this action, as authorized by 29 U.S.C. Sec. 216(b); and

(4) Such other further relief as the Court may deem appropriate.

## COUNT IV
### (VIOLATION OF THE D.C. WAGE AND HOUR LAW)

45. Ms. Sandusky adopts and incorporates by reference all averments in the foregoing paragraphs.

46. By failing to pay Ms. Sandusky overtime compensation (1.5. times his regular rate of pay) for the overtime work described above. Defendants violated the D.C. Wage and Hour Law. D.C. Code Sec. 32-1003.

47. Defendants' violation of the D.C. Wage and Hour Law was willful.

**WHEREFORE**, Ms. Sandusky request judgment against Defendants for:

(1) Overtime pay in the amount of the underpayments described above, or in the amount determined from Defendants' records or at trial;

(2) Additional amounts of liquidated damages equal to the backpay amounts described above or determined from Defendants' records or at trial, as authorized by D.C. Code Sec. 32-1012.

(3) Plaintiffs' reasonable attorney fees and costs or this action, as authorized by D.C. Code Sec. 32-1012; and

(4) Such other further relief as the Court may deem appropriate.

## COUNT V
## (DECLARATORY JUDGMENT)

48. Ms. Sandusky adopts and incorporates by reference all averments in the foregoing paragraphs.

49. There exists an actual controversy as to whether the "Employee Secrecy and Non-Compete Agreement" is an enforceable contract. Ms. Sandusky contends that the purported agreement: (a) is an overbroad and otherwise unreasonable restraint of trade; (b) fails for lack of consideration; (c) was procured duress, undue influence or fraud; (d) is founded upon a mistake of a material fact; and (e) was subject to a novation, rescission or termination.

50. Furthermore, assuming a valid contract exists, which it does not, defendants' material breach of that contract relieves Ms. Sandusky from any further performance.

**WHEREFORE**, Ms. Sandusky seeks a declaratory judgment stating that the "Employee Secrecy and Non-Compete Agreement" is not a contract or in the alternative is no longer an enforceable contract.

Respectfully submitted,

_____
James Edward Rubin, (Bar No. 456945)
The Rubin Employment Law Firm, PC
11 North Washington Street
Suite 520
Rockville, MD  20850
(301) 760 7914
(301) 760 7234
jrubin@rubinemploymentlaw.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all matters raised in this complaint.

_____
James Edward Rubin

## EMPLOYEE SECRECY AND NON-COMPETE AGREEMENT

Employees Name: **Diane Sandusky**

Company: **Flowers By Jeni Inc (Jeni Wholesale Flowers Market)**

Address: **5648 3rd Street Washington DC 20011**

Phone: **202-529-3636**

E-mail: **Info@JeniWholesale.com**

Status: **Employee**

I, _DIANE SANDUSKY_ the undersigned, hereby enter this agreement on behalf of myself for the benefit of all employees, all clients and all agents of Flowers By Jeni Inc (Jeni Wholesale Flower Market) having a registered business address of 5648 3rd Street NE Washington DC 20011

Good and valuable consideration has been received in the form of a business opportunity.

I will not without prior written approval by the Hiring Party ( Boaz Erez / Flowers By Jeni Inc) disclose or in any other way make known, reveal, report, publish or transfer to any person, firm, corporation or utilize for competitive or any other purpose any secret information or know-how relative to the disclosed information, including but not limited to: client information of any sort, operational information, financial data, invention descriptions, identity of relationships and business planning information. I will not without written approval accept employment competitive to the Hiring Party by (Boaz Erez / Flowers By Jeni Inc) for a period of 5 years.

Following my departure I will return all information described in this paragraph that may be in my possession.

I will not without prior written approval by the Hiring Party (Boaz Erez / Flowers By Jeni Inc) Work with/for any Wholesale Flowers Company or establish a new flower company in a radius of 150 miles from the center of Washington DC for at least 2 years following my departure.

Date: _June 15 2006_   Signature: _____
                                   (Employee)

Date: _____   Signature: _____
                                (Employer)

Albert E. Hallivis
Notary Public, District of Columbia
My Commission Expires 04-15-2009

DISTRICT OF COLUMBIA CITY OF
WASHINGTON DC STATE OF

_____
Notary Public

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DIANE SANDUSKY, 2707 Barberry Lane, Bowie, MD 20715 | FLOWERS BY JENI, INC., BOAZ EREZ, 5648 3rd Street, N.E., Washington, DC 20041 |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Prince Georges**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James Edward Rubin, Rubin Employment Law Firm, P.C., 11 North Washington Street, Suite 520, Rockville, MD 20850, 301 760 7914

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. Section 203(d) - failure to pay overtime

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ See Complaint   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  November 29, 2006   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.