## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DIANE SANDUSKY** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No.  1:06-cv-02040-CKK |
| | ) |
| **FLOWERS BY JENI, INC.** , et al. | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR DEFAULT JUDGMENT

Plaintiff Diane Sandusky ("Ms. Sandusky"), by her attorney, James Rubin and the

Rubin Employment Law Firm, hereby respectfully moves for a default judgment against

defendant Flowers By Jeni, Inc. ("FBJ"), pursuant to Federal Rule of Civil Procedure

55(b), for the following reasons:

1.  The Summons and Complaint were served on FBJ's resident agent on

December 27, 2006.[1]  A copy of the Affidavit of Service, which has already been filed, is

attached as Exhibit A.   In the complaint, Ms. Sandusky alleges that FBJ: (1) failed to pay

her overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et.

seq., and the District of Columbia Wage and Hour Law, D.C.Code § 32-1001 et. seq.,

("D.C. Wage and Hour Law"); and (2) failed to pay her earned wages in violation of the

D.C. Payment of Wages Act, D.C.Code § 32-1301 ("D.C. Wage Payment Act").  Ms.

Sandusky also sought a declaratory judgment to declare that FBJ's purported "Employee

Secrecy and Non-Compete Agreement" is unenforceable.

---

1        Ms. Sandusky served Boaz Erez, the individual defendant and owner of FBJ, on

2.  The defendant had 20 days to respond to the Complaint pursuant to Federal Rule of Civil Procedure 12(a).  However, more than 20 days have passed since the date of service and no response to the Complaint has been filed.

3.  The defendant is not in the military as evidenced by Exhibit B.

4.  On January 24, 2007, the Clerk entered a notice of default as to FBJ, as evidence by Exhibit C.

4.  As evidenced in the attached affidavit of Diane Sandusky, attached as Exhibit D, plaintiff is entitled to a judgment against FBJ, including an injunction prohibiting FBJ from attempting to enforce a purported non-compete agreement against Ms. Sandusky.

5.  As evidenced in the attached affidavit, FBJ owes Ms. Sandusky $1,733.55 for unpaid overtime pursuant to the FLSA, 29 U.S.C. Secs 207 and 216, and the D.C. Wage and Hour Law, D.C. Code Secs. 32-1003(c) and 32-1012(a).    The FLSA and D.C. Wage and Hour Law allow Ms. Sandusky to recover an additional amount of liquidated damages equal to the backpay amounts stated above.  29 U.S.C. Sec. 216; D.C. Code. Sec. 32-1012(a).

6.  As evidenced in the attached affidavit, FBJ owes Ms. Sandusky $8,835.39 for unpaid wages and expenses under the D.C. Wage Payment Act.   D.C. Code. Secs. 32-1302-03.

6.  Finally, the FLSA, the D.C. Wage and Hour Law, and the D.C. Wage Payment Act all allow Ms. Sandusky to recover her reasonable attorneys and costs.  29 U.S.C. Sec. 216(b); D.C. Code Sec. 32-1012(c); D.C. Code 32-1308(b).  Pursuant to undersigned

---

January 19, 2007.

counsel's attached affidavit attached as Exhibit E, Ms. Sandusky is entitled to $8,635 in reasonable attorney's fees.

WHEREFORE, plaintiff respectfully requests that a default judgment be entered against FBJ for the relief requested.

Respectfully submitted,


_/s/_____
James Edward Rubin, (Bar No. 456945)
The Rubin Employment Law Firm, PC
11 North Washington Street
Suite 520
Rockville, MD  20850
(301) 760 7914
(301) 760 7234

Attorneys for Plaintiff

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**DIANE SANDUSKY**                      )
                                        )
     Plaintiff                        )
                                        )
     v.                               ) Civil Action No.  1:06-cv-02040-CKK
                                        )
**FLOWERS BY JENI, INC.** , et al.      )
                                        )
     Defendants.                      )

## LOCAL RULE 7.1(k) STATEMENT

Pursuant to Local Rule 7.1(k), the following persons are entitled to be served with orders, judgments and stipulations:

James Edward Rubin
The Rubin Employment Law Firm, PC
11 North Washington Street
Suite 520
Rockville, MD  20850


FLOWERS BY JENI, INC.
5648 3rd Street, N.E.
Washington, DC 20041
-or-
2756 Garfield Ave
Silver Spring, MD 20910 (alternate address)


BOAZ EREZ
5648 3rd Street, N.E.
Washington, DC 20041
-or-
2756 Garfield Ave
Silver Spring, MD 20910 (alternate address)

Respectfully submitted,

\_\_\_\_/s/_____
James Edward Rubin, (Bar No. 456945)
The Rubin Employment Law Firm, PC
11 North Washington Street
Suite 520
Rockville, MD  20850
(301) 760 7914
(301) 760 7234
jrubin@rubinemploymentlaw.com

## CERTIFICATE OF SERVICE

I certify that on, February 6, 2007, I served the foregoing by U.S. first class mail, postage prepaid on:

FLOWERS BY JENI, INC.
5648 3rd Street, N.E.
Washington, DC 20041
-or-
2756 Garfield Ave
Silver Spring, MD 20910 (alternate address)

BOAZ EREZ
5648 3rd Street, N.E.
Washington, DC 20041
-or-
2756 Garfield Ave
Silver Spring, MD 20910 (alternate address)

_____/s/_____
James Edward Rubin

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DIANE SANDUSKY** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No.  1:06-cv-02040-CKK |
| | ) |
| **FLOWERS BY JENI, INC.**, et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon consideration of the Plaintiff's Motion for Default Judgment against Flowers By Jeni, Inc., it is this _____ day of _____, 2007,

ORDERED, that the Plaintiff's Motion for Default Judgment against Flowers By Jeni, Inc., and is hereby, GRANTED; and it is further

ORDERED, that judgment is hereby entered in favor of the plaintiff Diane Sandusky in the amount of $1,733.55 for unpaid overtime, against the defendant Flowers By Jeni, Inc.; and it is further,

ORDERED, that judgment is hereby entered in favor of the plaintiff Diane Sandusky in the amount of $1,733.55 for liquidated damages, against the defendant Flowers By Jeni, Inc.; and it is further,

ORDERED, that judgment is hereby entered in favor of the plaintiff Diane Sandusky in the amount of $8,835.39 for unpaid wages and expenses against the defendant Flowers By Jeni, Inc.; and it is further

ORDERED, that judgment is hereby entered in favor of the plaintiff Diane Sandusky in the amount of $8,635 for costs and reasonable attorney's fees against the defendant Flowers By

Jeni, Inc.; and it is further

ORDERED, that a declaratory judgment is hereby entered in favor of the plaintiff Diane

Sandusky against the defendant Flowers By Jeni, Inc. declaring that June 15, 2006 Employee

Secrecy and Non-Compete Agreement is rescinded and unenforceable, and it is further,

ORDERED, that the Clerk shall make an appropriate entry on the docket in this case

reflecting these awards to Plaintiff.

_____
Honorable Judge Colleen Kollar-Kotelly,
United States District Judge

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

DIANE SANDUSKY, Plaintiff

**SUMMONS IN A CIVIL CASE**

V.

FLOWERS BY JENI, INC. AND BOAZ EREZ,
Defendants

CASE NUMBER 1:06CV02040

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Labor/ERISA (non-employme

DATE STAMP: 11/29/2006

TO: (Name and address of Defendant)

FLOWERS BY JENI, INC.
5648 3rd Street, N.E.
Washington, DC 20041
   C/o Resident Agent: Business Filings, Inc., 1015 15th St.,
N.W. Washington, DC 20041

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

James Edward Rubin
The Rubin Employment Law Firm, P.C.
11 North Washington Street, Suite 520
Rockville, MD 20850

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON

NOV 29 2006

CLERK                                                      DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

G  Served personally upon the defendant.  Place where served: _____

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

G  Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                      *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### District of Columbia

Case Number: 1:06CV02040

Plaintiff:
**Diane Sandusky**
vs.
Defendant:
**Flowers by Jeni, Inc. and Boaz Erez**

Received by ESQ Process Servers to be served on **FLOWERS BY JENI INC., 5648 3rd Street, NE, Washington, DC 20041.**

I, Lloyd Ferguson, being duly sworn, depose and say that on the **27th day of December, 2006 at 12:15 pm, I:**

SERVED a true copy of the **Summons in a Civil Case, Civil Cover Sheet, Complaint, Jury Demand, and Attachments** to LOUIS LANCE (FULFILLMENT SPECIALIST) , who stated that they were authorized to accept Service of Process.

**Additional Information pertaining to this Service:**
Served at Business Filings, Inc. at 1015 15th Street, NW, Washington, DC 20041

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief and do further affirm I am a competent person over 18 years of age and not party to the case.



_____
**Lloyd Ferguson**
Process Server

Subscribed and Sworn to before me on the 12th day of January, 2007 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

My Comm Exp. 1-1-2011

**ESQ Process Servers**
**51 Monroe Street**
**Suite 708**
**Rockville, MD 20850**
(301) 762-1350
Our Job Serial Number: 2006014297
Ref: Diane Sandusky

CO-547
Rev. 3/84

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DIANE SANDUSKY

| | |
|---|---|
| Plaintiff ) | 1:06-cv-02040-CKK |
| ) | |
| vs. ) | Civil Action No. _____ |
| FLOWERS BY JENI, INC. ET AL ) | In re:  FLOWERS BY JENI, INC. |
| ) | |
| Defendant | (Defendant) |

## MILITARY AFFIDAVIT

(Certificate in Compliance With Soldiers and Sailors
Civil Relief Act of 1940, As Amended in 1942 & 1960
Title 50, Appendix, Section 520, United States Code)

JANUARY 2007

I hereby certify under penalty of perjury, this _____22nd_____ day of _____,

_____. (that I am the duly authorized agent of the plaintiff in the above-listed case and make this

certificate in plaintiff's behalf (that I am the plaintiff in the above-entitled case.)

I make this certificate pursuant to the provisions of the Soldiers and Sailors Civil Act of 1940 and the provisions of the Soldiers and Sailors Civil Relief Act Amendments of 1942 and 1960: that on behalf of the plaintiff, I have caused careful investigation to be made to ascertain whether or not the above-named defendant is in the military service of the United States or its Allies and that a result of said investigation. I have discovered and do hereby allege that said defendant is not in the military service of the United States or its Allies, that is to say said defendant is not a member of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard and is not an officer of the public Health Service detailed by proper authority for duty either with the Army or Navy, and said defendant is not on active duty with any branches aforesaid, nor is said defendant under training or education under the supervision of the United States preliminary to induction into the military services: and the defendant is not serving with the forces of any nation with which the United States is allied in the prosecution of any war, nor has said defendant been ordered to report for induction under the Selective Training and Service Act of 1940, as amended, nor is the defendant a member of the Enlisted Reserve Corps ordered to report for military service, but is employed as

a _____ .
      Corporation

Attorney for Plaintiff        RUBIN EMPLOYMENT LAW FIRM, P.C.

11 North Washington Street, Suite 520

Rockville, MD 20850

Address

Default - Rule 55A (CO 40 Revised-DC 02/00)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DIANE SANDUSKY
_____

    Plaintiff(s)

        v.                                    Civil Action No.  06-2040 CKK
                                              _____

FLOWERS BY JENI, INC. et al
_____

    Defendant(s)

RE:  FLOWERS BY JENI, INC.


## DEFAULT


   It appearing that the above-named defendant(s) failed to plead or otherwise defend this action

though duly served  with summons and copy of the complaint      on      December 27, 2006      , and an

affidavit on behalf of the plaintiff having been filed, it is this  24th  day of ___January___ , 2007 declared

that  defendant(s) is/are in default.




                                    NANCY MAYER-WHITTINGTON, Clerk




                        By: _____
                                        N. Wilkens
                                        Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DIANE SANDUSKY** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No.  1:06-cv-02040-CKK |
| | ) |
| **FLOWERS BY JENI, INC. , et al.** | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF DIANE SANDUSKY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST FLOWERS BY JENI, INC.

I, Diane Sandusky, being at least 18 years old and of sound mind, depose and say as follows:

1.  I worked for Flowers by Jeni, Inc. ("FBJ") for seven years as a wholesale flower salesperson.

2.  FBJ is a wholesale flower operation which at all times material has had an annual gross volume of sales made in an amount exceeding $1,000,000.

3.  Over the years, I developed an excellent reputation among my colleagues and customers. I am known for being a fair, straightforward, honest and ethical salesperson. I regularly worked more than 40 hours per week, and often worked more than 50 hours during busy weeks. On average I worked 45 hours per week.

4.  FBJ promised to pay me $800 per week and pay for my expenses, including reimbursing me for mileage and internet access at home.

1

5. Beginning in 2005, FBJ was mistreatreating its employees. It bounced payroll checks on several occasions. It failed to pay overtime to its non-exempt employees, including me.

6. As a result of what appeared to be gross mismanagement by FBJ, beginning in September 2005, I attempted to negotiate an employment agreement with FBJ.

7. In November 2005, recognizing my value to the company Mr. Erez offered me a raise from $800 to $1000 every week, but asked me to sign a non-competition agreement.

8. I told Mr. Erez that I would not sign such an agreement since it would restrict my ability to earn a living in the future.

9. In the months that followed, FBJ regularly docked my pay for a variety of reasons, including to penalize me for taking sick leave.

10. I repeatedly complained to Mr. Erez about FBJ's failure to pay me a full salary.

11. FBJ's conduct led me to seek medical assistance for stress-related symptoms. When per my physician's orders I requested sick leave, FBJ refused to approve it and demanded that I continue working against my physician's advice. Similarly, when I requested vacation leave after the busy Valentine's Day season, FBJ rejected my request. On another occasion, when I was recovering from surgery, FBJ docked my pay for taking sick leave.

12. On or about June 15, 2006, FBJ gave it sales employee a surprise ultimatum: either sign an "Employee Secrecy and Non-Compete Agreement" (attached) or be terminated on the spot.

2

13. The terms of the non-competition are overbroad in attempting to restrict the sales staff from working in the wholesale flower industry anywhere in the world for five years.

14. When I confronted Mr. Erez about the agreement's terms, he told me that: (1) he wanted his employee, Moti Kochlon, to quit and I had to help Mr. Erez save the company; (2) he wanted me to sign the agreement in the hope that FBJ's other employees would follow my lead but that Mr. Kochlon would quit; and (3) he did not intend to sign the agreement or hold me to the agreement's obligations.

15. Mr. Erez told me that he intended to destroy his copy of the agreement and pretend that it never existed.

16. As stated, I had specifically rejected FBJ's efforts to have me commit to a non-competition agreement, at least without significant additional consideration.

17. Based on Mr. Erez's representations, I signed the agreement that day. True to his promise, Mr. Erez did not sign the agreement.

18. From June 2006 to September 2006, the working conditions at FBJ continued to deteriorate. FBJ bounced several more paychecks and continued to dock my pay.

19. In September 2006, I retained an attorney to negotiate an employment agreement with FBJ.

20. During the course of those negotiations, on October 20, 2006, Mr. Erez repeated our agreement that the "Employee Secrecy and Non-Compete Agreement" was void and unenforceable and that we had subsequently agreed to rescind it.

3

21. In an effort to entice me to stay with FBJ, Mr. Erez offered to give me an annual commission equivalent to 6% of the gross revenue I generated minus the salary FBJ paid to me. The parties agreed to reduce to the matter to writing.

22. By continuously docking my salary, FBJ failed to pay me on a salary basis and destroyed any arguments that I was an exempt from receiving overtime under the Fair Labor Standards Act.

23. From January 1, 2006 through October 6, 2006, to the best of my knowledge FBJ paid me only $21,700. As stated, it regularly docked my pay. Had it paid me the agreed upon wages of $800 per week through October 6, 2006, FBJ should have paid me $30,400. As of October 6, 2006, FBJ owes me $8,700 in unpaid wages.

24. As stated, I worked an average of 45 hours per week for FBJ in 2006. Through October 6, 2006, I worked approximately 195 overtime hours. My overtime rate is $8.89 per hour. As of October 6, 2006 FBJ owes me $1,733.55 in unpaid overtime.

25. FBJ also failed to reimburse me for mileage and failed to pay one month of internet access. It owes me $89.44 for mileage and $45.95 for one month of internet access.

I declare under penalty of perjury that the foregoing is true and correct.

Diane Sandusky

Executed on: January 31, 2007

4

**EMPLOYEE SECRECY AND NON-COMPETE AGREEMENT**

Employees Name: **Diane Sandusky**

Company: **Flowers By Jeni Inc (Jeni Wholesale Flowers Market)**

Address: **5648 3rd Street Washington DC 20011**

Phone: <u>202-529-3636</u>

E-mail: **Info@JeniWholesale.com**

Status: **Employee**

I, _DIANE SANDUSKY_ the undersigned, hereby enter this agreement on behalf of myself for the benefit of all employees, all clients and all agents of **Flowers By Jeni Inc (Jeni Wholesale Flower Market)** having a registered business address of **5648 3rd Street NE Washington DC 20011**

Good and valuable consideration has been received in the form of a business opportunity.

I will not without prior written approval by the Hiring Party ( Boaz Erez / Flowers By Jeni Inc) disclose or in any other way **make known, reveal, report, publish or transfer** to any person, firm, corporation or utilize for competitive or any other purpose any secret information or know-how relative to the disclosed information, including but not limited to: **client information of any sort, operational information, financial data, invention descriptions, identity of relationships and business planning information.** I will not without written approval accept employment competitive to the Hiring Party by (Boaz Erez / Flowers By Jeni Inc) for a period of 5 years.

Following my departure I will return all information described in this paragraph that may be in my possession.

I will not without prior written approval by the Hiring Party (Boaz Erez / Flowers By Jeni Inc) Work with/for any Wholesale Flowers Company or establish a new flower company in a radius of 150 miles from the center of Washington DC for at least 2 years following my departure.

Date: _Jun 15 2006_     Signature: _____
                                          (Employee)

Date: _____     Signature: _____
                                          (Employer)

Albert E. Hallivis
Notary Public, District of Columbia
My Commission Expires 04-15-2009

DISTRICT OF COLUMBIA CITY OF
WASHINGTON DC STATE OF

Notary Public

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DIANE SANDUSKY** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No.  1:06-cv-02040-CKK |
| | ) |
| **FLOWERS BY JENI, INC.,** et al. | ) |
| | ) |
| Defendants. | ) |

### DECLARATION OF JAMES RUBIN IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST FLOWERS BY JENI, INC.

I, James Rubin, being at least 18 years old and of sound mind, depose and say as follows:

1.    I am over the age of eighteen (18) years, am fully competent to testify to and have personal knowledge of the matters stated herein.

2.    I am the owner of the Rockville, Maryland firm The Rubin Employment Law Firm, P.C., and have been practicing law since 1996.   During my entire legal career, I have focused my practice in the area of employment law and litigation, have handled a substantial number of cases representing employers, employees and labor unions involving nearly all facets of employment law, and have substantial trial and appellate experience.  My experience includes five (5) years of employment with a Washington, D.C., union-side labor law firm where I acted as labor counsel for several large labor unions, including the International Brotherhood of Electrical Workers, and the Building Trades Department of the AFL-CIO.   My experience also includes five (5) years of employment with Farber Rubin, LLC, a Rockville, Maryland law firm that represented employees and employers in employment disputes.

3.      I am currently licensed to practice law in Maryland and in the District of Columbia. I am also admitted to practice before the United States District Courts in Maryland and in the District of Columbia.

4.      I represent the Plaintiff Diane Sandusky.

5.      I performed all of the work in this case.

6.      My firm does not employ paralegals. Thus, with the exception of administrative work, I performed all of the work in this case, including all legal research, drafting, and client contact.

7.      To date, as set forth in our time and billing records, I have expended a total of 31.4 hours prosecuting Ms. Sandusky's claims under the Fair Labor Standards Act, District of Columbia District of Columbia Wage and Hour Law and District of Columbia Payment of Wages Act, which includes the time required to prepare this affidavit.    Ms. Sandusky has incurred $8.635 in attorney's fees in pursuing these claims.   All of these hours were necessary and reasonable in the prosecution of this case. My detailed time and billing records are attached hereto as Exhibit 1.    I have excluded from Exhibit 1 all attorney-client and work product privileged information and all billing entries attributable to Ms. Sandusky's claim that a non-compete is unenforceable.

8.      Ms. Sandusky has incurred costs totaling $496.05 for filing fees, process server fees and courier fees. A copy of the ledger detailing these costs is attached hereto as Exhibit 2.

9.      My standard hourly rate is $275.00 per hour.

10.     In the District of Columbia, reasonable hourly rates are based on the schedule or attorney's fee rates originally adopted by this Court in Laffey v. American Airlines, Inc., 572 F. Supp. 354 (D.D.C. 1983), aff'd in part, rev'd in part on other grounds, 746 F.2d 4 (D.C. Cir.

1984), cert. denied. 472 U.S. 1021 (1985). commonly referred to as the "Laffey Matrix." (attached as Exhibit 3).   More recently. this Court has approved calculation and benchmarking for an Updated Laffey Matrix (attached as Exhibit 4). See, e.g., <u>McDowell v. District of Columbia</u>, Civ. A. No. 00-594 (RCL), LEXSEE 2001 U.S. Dist. LEXIS 8114 (D.D.C. June 4, 2001); <u>Salazar v. Dist. of Col.</u>. 123 F.Supp.2d 8 (D.D.C. 2000).

11.   My hourly rate is less then that provided by the Laffey Matrix ($280 per hour for 2004-2005) or the updated Laffey Matrix ($452 per hour for 2006-2007).

I declare under penalty of perjury that the foregoing is true and correct.

2/6/07
Date

JAMES RUBIN

Client Fees Listing

ALL DATES

| Date | Fee / Time | Working Lawyer | Hours | Amount | Inv# |
|------|-----------|----------------|-------|--------|------|
| Billing | | | | | |
| Entry# | Explanation | | | | |
| Status | | | | | |

Sandus Sandusky, Diane

   Sandusky     Claim against Flowers by Jeni

Sep 28/2006 Lawyer:     2.00 Hrs X 275.00          JER  - James Edward          2.00      550.00      83
Billed
       939 Review documents and prepare demand letter.

Sep 30/2006 Lawyer:     0.20 Hrs X 275.00          JER  - James Edward          0.20       55.00      83
Billed
       950 Telephone call with client, re: [REDACTED]

Oct  3/2006 Lawyer:     0.20 Hrs X 275.00          JER  - James Edward          0.20       55.00     105
Billed
      1017 Telephone call with client, re: [REDACTED]

Oct  6/2006 Lawyer:     0.10 Hrs X 275.00          JER  - James Edward          0.10       27.50     105
Billed
      1036 Review client email, re: [REDACTED]

Oct  6/2006 Lawyer:     0.20 Hrs X 275.00          JER  - James Edward          0.20       55.00     105
Billed
      1039 Telephone call with client.

Oct 11/2006 Lawyer:     0.10 Hrs X 275.00          JER  - James Edward          0.10       27.50     105
Billed
      1066 Telephone call with client.

Oct 18/2006 Lawyer:     0.40 Hrs X 275.00          JER  - James Edward          0.40      110.00     105
Billed
      1103 Telephone call with client, re: [REDACTED]

Oct 20/2006 Lawyer:     2.00 Hrs X 275.00          JER  - James Edward          2.00      550.00     105
Billed
      1118 Attend meeting.

Oct 20/2006 Lawyer:     2.00 Hrs X 275.00          JER  - James Edward          2.00      550.00     105
Billed
      1123 Draft employment agreement,

Oct 23/2006 Lawyer:     1.00 Hrs X 275.00          JER  - James Edward          1.00      275.00     105
Billed
      1125 Finalize draft agreement.

Oct 31/2006 Lawyer:     0.10 Hrs X 275.00          JER  - James Edward          0.10       27.50     105
Billed
      1180 Telephone call with client.

Nov  6/2006 Lawyer:     0.20 Hrs X 275.00          JER  - James Edward          0.20       55.00     123
Billed
      1265 Telephone call with client.

Nov  8/2006 Lawyer:     2.50 Hrs X 275.00          JER  - James Edward          2.50      687.50     123
Billed
      1275 Meeting with client.

Nov 13/2006 Lawyer:     0.30 Hrs X 275.00          JER  - James Edward          0.30       82.50     123
Billed
      1294 Telephone call with Boaz.

Nov 14/2006 Lawyer:     0.30 Hrs X 275.00          JER  - James Edward          0.30       82.50     123
Billed
      1297 Telephone call with client, re: complaint.

Nov 17/2006 Lawyer:     2.00 Hrs X 275.00          JER  - James Edward          2.00      550.00     123
Billed
      1352 Prepare complaint.

```
Nov 20/2006 Lawyer:     2.00 Hrs X 275.00        JER  - James Edward           2.00     550.00        123
Billed
       1353 Draft complaint.

Nov 22/2006 Lawyer:     2.00 Hrs X 275.00        JER  - James Edward           2.00     550.00        123
Billed
       1374 Prepare complaint.

Nov 29/2006 Lawyer:     2.00 Hrs X 275.00        JER  - James Edward           2.00     550.00        123
Billed
       1391 Finalize complaint, summons, clerk letter,

            for filing.

Dec 11/2006 Lawyer:     0.50 Hrs X 275.00        JER  - James Edward           0.50     137.50        135
Billed
       1534 Prepare correspondence and summons for

            service on Erez.

Dec 28/2006 Lawyer:     0.30 Hrs X 275.00        JER  - James Edward           0.30      82.50        135
Billed
       1603 Telephone call with client.

Jan  5/2007 Lawyer:     0.30 Hrs X 275.00        JER  - James Edward           0.30      82.50        161
Billed
       1711 Update on process server.

Jan 11/2007 Lawyer:     0.20 Hrs X 275.00        JER  - James Edward           0.20      55.00        161
Billed
       1766 Telephone call with client, re: service.

Jan 17/2007 Lawyer:     1.00 Hrs X 275.00        JER  - James Edward           1.00     275.00        161
Billed
       1808 Prepare motion for default judgment.

Jan 18/2007 Lawyer:     1.50 Hrs X 275.00        JER  - James Edward           1.50     412.50        161
Billed
       1820 Prepare notice of default.

Jan 22/2007 Lawyer:     1.00 Hrs X 275.00        JER  - James Edward           1.00     275.00        161
Billed
       1838 Finalize and file default papers

Jan 26/2007 Lawyer:     2.00 Hrs X 275.00        JER  - James Edward           2.00     550.00        161
Billed
       1865 Prepare affidavit in support of default.

Jan 29/2007 Lawyer:     0.50 Hrs X 275.00        JER  - James Edward           0.50     137.50        161
Billed
       1878 Teleconference with client, re: affidavit,

            unemployment results, contact with FBJ

Jan 31/2007 Lawyer:     1.50 Hrs X 275.00        JER  - James Edward           1.50     412.50        161
Billed
       1889 Finalize client affidavit

Feb  6/2007 Lawyer:     1.00 Hrs X 275.00        JER  - James Edward           1.00     275.00
Unbilled
       1967 Draft motion for default judgment against

            FBJ.

Feb  6/2007 Lawyer:     2.00 Hrs X 275.00        JER  - James Edward           2.00     550.00
Unbilled
       1968 Draft attorney's fees affidavit.
```

Client Ledger

ALL DATES

| Date | Received From/Paid To | Che# | | General | | Bld | | Trust | |
|------|----------------------|------|-------|---------|-----|-----|-----|-------|------|
| Entry# | Explanation | Rcpt# | Rcpts | Disbs | Fees | Inv# | Acc | Rcpts | Disbs |

Balance

Sandus Sandusky, Diane

   Sandusky     Claim against Flowers by Jeni                       Resp
Lawyer: JER

| Nov 29/2006 | Clerk, United States District Court | 118 | | | | 123 | 1 | | 350.00 |
| 7150.00 | | | | | | | | | |
| 1390 | Filing Fee | | | | | | | | |

| Dec 20/2006 | Speedy | 124 | | | | 135 | 1 | | 16.05 |
| 3448.95 | | | | | | | | | |
| 1565 | Courier Expense | | | | | | | | |

| Jan 16/2007 | ESQ Process Servers | 127 | | | | 161 | 1 | | 60.00 |
| 3168.95 | | | | | | | | | |
| 1800 | Witness Fees   - Service on FBJ | | | | | | | | |
| | 20006014297 | | | | | | | | |

| Feb  6/2007 | ESQ Process Servers | 131 | | | | | 1 | | 70.00 |
| 1173.95 | | | | | | | | | |
| 1966 | Witness Fees   - Service on FBJ | | | | | | | | |
| | 20006014298 | | | | | | | | |



# UNITED STATES ATTORNEY'S OFFICE
## FOR THE DISTRICT OF COLUMBIA

555 4TH STREET, NW
WASHINGTON, DC 20530
(202) 514-7566

SEARCH

HOME

U.S. ATTORNEY

ABOUT US

DIVISIONS

COMMUNITY PROSECUTION

PROGRAMS FOR YOUTH

VICTIM WITNESS ASSISTANCE

PARTNERSHIPS

PRESS RELEASES

EMPLOYMENT

ESPAÑOL

CONTACT US

LINKS

SITE MAP

## LAFFEY MATRIX 2003 - 2005

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 03-04 | 04-05 | 05-06 | 06-07 | 07-08 | 08-09 | 09-10 | 10-11 | 11-12 | 12-13 | 13-14 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20+ years | 380 | 390 | | | | | | | | | |
| 11-19 years | 335 | 345 | | | | | | | | | |
| 8-10 years | 270 | 280 | | | | | | | | | |
| 4-7 years | 220 | 225 | | | | | | | | | |
| 1-3 years | 180 | 185 | | | | | | | | | |
| Paralegals & Law Clerk | 105 | 110 | | | | | | | | | |

### Explanatory Notes

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does not apply in cases in which the hourly rate is limited by statute. See 28 U.S.C. § 2412(d).

2. This matrix is based on the hourly rates allowed by the District Court in *Laffey v. Northwest Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). It is commonly referred to by attorneys and federal judges in the District of Columbia as the "Laffey Matrix" or the "United States Attorney's Office Matrix." The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey,* 572 F. Supp. at 371.

3. The hourly rates approved by the District Court in *Laffey* were for work done principally in 1981-82. The Matrix begins with those rates. *See Laffey,* 572 F. Supp. at 371 (attorney rates) & 386 n.74 (paralegal and law clerk rate). The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5). The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant. Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year.

4. Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel,* 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area. See *Covington v. District of Columbia,* 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996). Lower federal courts in the District of Columbia have used this updated *Laffey* Matrix when determining whether fee awards under fee-shifting statutes are reasonable. *See, e.g.,* Blackman v. District of Columbia, 59 F. Supp. 2d 37, 43 (D.D.C. 1999); *Jefferson v. Milvets System Technology, Inc.,* 986 F. Supp. 6, 11 (D.D.C. 1997); *Ralph Hoar & Associates v. Nat'l Highway Transportation Safety Admin.,* 985 F. Supp. 1, 9-10 n.3 (D.D.C. 1997); *Martini v. Fed. Nat'l Mtg Ass'n,* 977 F. Supp.



482, 485 n.2 (D.D.C. 1997); *Park v. Howard University*, 881 F. Supp. 653, 654 (D.D.C. 1995).

**Last Updated on 01/16/2007**

**Department of Justice** | **USAGov** | **USA** | **Privacy Policy** | **PSN** | **PSN Grants** | **www.regulations.gov** | **DOJ/Kids**

# UPDATED LAFFEY MATRIX*

< Back

| Years Out of Law School** | 6/1/94-5/31/95 | 6/1/95-5/31/96 | 6/1/96-5/31/97 | 6/1/97-5/31/98 | 6/1/98-5/31/99 | 6/1/99-5/31/00 | 6/1/00-5/31/01 | 6/1/01-5/31/02 | 6/1/02-5/31/03 | 6/1/03-6/1/04 | 6/1/04-5/31/05 | 6/1/05-5/31/06 | 6/1/06-5/31/07 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 20 + | 363 | 375 | 389 | 406 | 424 | 444 | 468 | 487 | 522 | 549 | 574 | 598 | 614 |
| 11-19 | 301 | 311 | 323 | 337 | 352 | 369 | 388 | 404 | 434 | 456 | 476 | 497 | 509 |
| 8-10 | 267 | 276 | 287 | 299 | 312 | 328 | 345 | 359 | 385 | 405 | 423 | 441 | 452 |
| 4-7 | 185 | 191 | 198 | 207 | 216 | 227 | 239 | 249 | 267 | 280 | 293 | 305 | 313 |
| 1-3 | 151 | 155 | 162 | 169 | 176 | 185 | 195 | 203 | 217 | 228 | 239 | 249 | 255 |
| Paralegal/Law Clerk | 82 | 85 | 88 | 92 | 96 | 101 | 106 | 110 | 118 | 124 | 130 | 136 | 139 |
| Adjustmt Factor*** | 1.0237 | 1.0320 | 1.0396 | 1.0419 | 1.0439 | 1.0491 | 1.0529 | 1.0407 | 1.0727 | 1.0507 | 1.0455 | 1.0427 | 1.0256 |

------------------------------------------------------------------

\* The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases.  See, e.g., **McDowell v. District of Columbia**, Civ. A. No. 00-594 (RCL), LEXSEE 2001 U.S. Dist. LEXIS 8114 (D.D.C. June 4, 2001); **Salazar v. Dist. of Col.**, 123 F.Supp.2d 8 (D.D.C. 2000).

\*\* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate.  "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1).  "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice.  An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

\*\*\* The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

© 2002, 2003, 2004, 2005, 2006 Snider & Associates, LLC - all rights reserved